JS - 6
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00235 MMM (RCx) | Date | February 23, 2010 |
|---|---|---|---|

| Title | *U.S. Bank National Association v. Mark Lasoff, et. al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW |
|---|---|

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    **Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction**

## I.  FACTUAL BACKGROUND

Acting as trustee, plaintiff U.S. Bank National Association ("U.S. Bank") filed this unlawful detainer action on June 12, 2009 in Los Angeles Superior Court.[1]  It seeks to recover possession of real property located in Westlake Village, California from multiple named and fictitious defendants.  U.S. Bank also seeks damages of $200 per day for each day defendants have continued in possession of the property past May 26, 2009.[2]

Defendant Karen Logan first attempted to remove the action to federal court on

---

[1] Verified Complaint for Unlawful Detainer ("Unlawful Detainer"), Notice of Removal at 4, Docket No. 1 (Jan. 13, 2010).

[2] *Id.*

1

December 7, 2009.[3]  Judge A. Howard Matz issued an order to show cause why the action should not be remanded for untimely removal.[4]  Logan failed to respond to the court's order, and the case was remanded on January 5, 2010.[5]

     On January 13, 2010, Logan removed the unlawful detainer action a second time.[6]  On February 12, 2010, the matter was transferred to this court as related to *Logan v. U.S. Bank National Association*, Case No. 09-08950 MMM (PLAx), which Logan filed on December 7, 2009.[7]  In her notice of removal, Logan asserts that the court has subject matter jurisdiction over the unlawful detainer action because she is the plaintiff in a separate federal action pending before this court and the unlawful detainer action involves the same parties.[8]  Additionally, Logan filed a Memorandum Regarding Removal on February 3, 2010, apparently in anticipation of an order to show cause regarding the procedural defect already identified in the order issued by Judge Matz.[9]

---

[3]Notice of Removal, Case No. 09-08956, Docket No. 1 (Dec.7, 2009).

[4]Order to Show Cause, Case No. 09-08956, Docket No. 5 (Dec. 15, 2009).

[5]Order to Remand, Case No. 09-08956, Docket No. 6 (Jan. 5, 2010).

[6]Notice of Removal, Docket No. 1 (Jan. 13, 2010).

[7]Complaint, Case No. 09-08950, Docket No. 1 (Dec. 7, 2009).  In the related case, Logan alleges that U.S. Bank's unlawful detainer action violates the Effect of Foreclosure on Preexisting Tenants Act, Section 702 of Public Law 111-22, because U.S. Bank did not give her 90 days' notice of the termination of her lease after it acquired the property through a foreclosure sale. (*Id.*)

[8]Notice of Removal, ¶ 4.

[9]Memorandum Re: Removal, Docket No. 8 (Feb. 3. 2010).  Logan's renewed notice of removal remains procedurally defective.  Notice of removal must be filed within thirty days following service of the summons and complaint.  28 U.S.C. § 1446(b); see *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  "Failure to comply with the thirty-day time limitation . . . renders the removal procedurally defective."  *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 (N.D. Cal 1994).  Logan seeks to remove the unlawful detainer action more than six months after it was filed, and provides no information as to when she was served.  Further, she offers no proof that her co-defendants have agreed to remove.  Despite these procedural issues, the court focuses here on the more fundamental jurisdictional problems with Logan's removal of the case.

2

## II. DISCUSSION

### A.      Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute.  See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  The removal statute, 28 U.S.C. § 1441, allows defendants to remove a state court case that could have been filed originally in federal court under either federal question or diversity jurisdiction.  See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a).  Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Where some of plaintiff's claims fall within the court's subject matter jurisdiction, 28 U.S.C. § 1367(a) authorizes courts to exercise "supplemental jurisdiction over all other claims that are so related to claims . . . within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  When none of the claims in the action provide an independent basis for federal jurisdiction, supplemental jurisdiction does not come into play.  A case cannot be removed on the basis that the claims it raises are related to claims asserted in a separate federal action.  See *Chase v. Auerbach*, No. 94-5892, 1994 WL 590588 *1–2 (E.D. Pa. Oct. 26, 1994) ("The removal statute provides that a state court action over which the district court has "original jurisdiction" may be removed; it does *not* say that a state court action which is related to an entirely separate action over which the district court has original jurisdiction may be removed. . . .  Simply put, we do not have original jurisdiction over this as a free-standing action"); *Fabricius v. Freeman*, 466 F.2d 689, 694 (7th Cir. 1972) (finding that a related case pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441); *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D. Pa.,1995) ("Section 1367 allows plaintiffs to bring federal claims in[to] federal court even though combined with state-law claims that would not otherwise be within the federal court's jurisdiction.  The statute is not, however, an independent source of removal jurisdiction.  To remove [a case] from state court to federal court, [defendants] . . . must first find a federal claim in the [case to be removed].  An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court actions").

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709,

3

712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594--95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). If the court determines that it definitely lacks subject matter jurisdiction, the court must remand an action *sua sponte*. See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction," citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)).

### B.    Whether Plaintiff Has Established That the Court Has Jurisdiction to Hear this Action

Citing 28 U.S.C. §1367(a), Logan contends that the unlawful detainer action brought by U.S. Bank can be removed because this court has "pendent" jurisdiction, now commonly known as supplemental jurisdiction, over the matter.[10] Alleging that the unlawful detainer case is factually related to the separate federal action she filed against U.S. Bank, Logan argues that the matters should be heard together because this would further judicial economy.[11] As noted, however, the court cannot exercise supplemental jurisdiction unless at least one claim in the action falls independently within its jurisdiction. See 28 U.S.C. § 1367(a) ("*[I]n any civil action of which the district courts have original jurisdiction*, the district courts shall have

---

[10]Memorandum Re: Removal, Docket No. 8, (Feb. 3, 2010) at 2. Although Logan discusses "pendent" jurisdiction in her notice of removal, supplemental jurisdiction under § 1367 encompasses what courts previously called pendent or ancillary jurisdiction. See *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 559 (2005).

[11]*Id.* Logan also cites Rule 13 of the Federal Rules of Civil Procedure. Rule 13 is inapposite, however, as it concerns counterclaims and cross-claims filed in an action already pending in federal court.

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ”); *Auerbach*, 1994 WL 590588 at *2 (“A District Court is not, however, endowed with jurisdiction to hear a case on removal merely because . . . a related case is pending in the federal court” (internal quotations omitted)).

Logan essentially seeks to combine her pending case with the unlawful detainer action. In the federal court action, Logan is the plaintiff seeking injunctive relief under a federal statute. In the matter she is seeking to remove, however, Logan is the defendant, seeking to defeat a state unlawful detainer claim. The court cannot exercise supplemental jurisdiction over a state law claim based on claims in a completely separate federal action. Accordingly, there is no basis for removal on this ground. See *In re Estate of Tabas*, 879 F.Supp. at 467 (“An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court actions”); *Chase*, 1994 WL 590588 at *2 (“The removal statute provides that a state court action over which the district court has ‘original jurisdiction’ may be removed; it does not say that a state court action which is related to an entirely separate action over which the district court has original jurisdiction may be removed”).

Further, there is no indication that the unlawful detainer action falls either within the court’s federal question or diversity jurisdiction.

### 1.    The Requirements for Federal Question Jurisdiction

Under 28 U.S.C. § 1331, the district courts “have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States.” Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court’s jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (“a suit arises under the law that creates the action”), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim “arises under” federal law must be determined by reference to the “well-pleaded complaint.” *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the “well-pleaded complaint.” *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the “master of the claim” for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Where a plaintiff could

maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

U.S. Bank's complaint does not, on its face, raise a federal question, and Logan identifies none in her notice of removal. U.S. Bank states a single unlawful detainer claim, which falls outside federal question jurisdiction. See *Indymac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337PA(DTBX), 2010 WL 234828 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Logan appear to suggest that subject matter jurisdiction exists because U.S. Bank allegedly violated the Effect of Foreclosure on Preexisting Tenants Act, Section 702 of Public

Law 111-22.  She argues that Section 702 mandates that new owners of foreclosed property must give tenants ninety days notice prior to eviction, and alleges that U.S. Bank violated this requirement by giving only three days notice.  While a defect in the eviction process may provide Logan a defense to the unlawful detainer action, it does not create federal subject matter jurisdiction.[12]  "There is no federal question jurisdiction simply because there is a federal defense to the claim."  *Caterpillar*, 482 U.S. at 392; see also *Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case").

## 2.      The Requirements for Diversity Jurisdiction

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction of all civil actions between parties of completely diverse citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."  28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").  In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants.  See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).  Further, the "amount in controversy is determined from the face of the pleadings."  *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Logan makes no argument that the unlawful detainer action falls within the court's diversity jurisdiction.  Although complete diversity may exist between the parties,[13] the amount

---

[12]The court further notes that Logan's primary goal in this removal and her separate federal action appears to be to enjoin the state court from proceeding on the unlawful detainer claim, alleging that the state court has not correctly applied federal law.  Under the doctrine first established by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 40-41 (1971), however, federal courts must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.  See *Martinez v. Newport Beach City*, 124 F.3d 777, 781 (9th Cir. 1997) (citing *Younger*).  Abstention in civil proceedings is justified by the vital consideration of comity, or "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."  *Younger*, 401 U.S. at 10.

[13]U.S. Bank asserts that it is a Delaware corporation, but the citizenship of all of the defendants has not been alleged.  (See Complaint, ¶¶ 1–3).

in controversy did not exceed $75,000 at the time of removal.  As U.S. Bank seeks $200 a day for defendants' refusal to vacate the property beyond May 26, 2009, the total potential damages at the time of removal were $46,000.  See *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *2 (N.D. Cal. Oct. 4, 1999) (in evaluating the amount in controversy, "the district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy"); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir.1992)).  Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful detainer action.

### III.  CONCLUSION

For the reasons stated, the court cannot exercise subject matter jurisdiction over the unlawful detainer action, and the clerk is directed to remand the case to Los Angeles Superior Court forthwith.